**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STEVEN HOOK, JR., | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 71A03-1204-CR-192 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1109-FC-206

**November 30, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Steven Hook, Jr., appeals his conviction for Class C felony battery with a deadly weapon.  We affirm.

## Issue

Hook, Jr., raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

## Facts

On September 4, 2011, Hook, Jr., was at Murphy's Bar in South Bend with his father, Steven Hook, Sr., and Kayla Kerr.  Brian Putz and Chris Jakubowicz were also at the bar that evening.  At some point, Kerr began talking to Putz and Jakubowicz and asked them to give her a ride home, and Putz and Jakubowicz agreed to do so.

After leaving the bar, Jakubowicz drove Putz and Kerr in Putz's truck to a nearby 7-Eleven convenience store to buy some snack foods.  Hook, Jr., and Hook, Sr., also drove to the 7-Eleven in their truck.  Hook, Jr., followed Jakubowicz into the store and yelled obscenities at him.  Jakubowicz said he did not want any trouble, made his purchases, and returned to Putz's truck.  Hook, Jr., approached the truck and reached through its windows, attempting to punch Putz and Jakubowicz.  Kerr, meanwhile, had left the vehicle.  During the exchange, Hook, Jr., took off his shirt.

Finally, Jakubowicz started to drive away from the 7-Eleven.  However, he and Putz noticed that their cell phones, which had been placed in the truck's open center console, were missing. Suspecting that Hook, Jr., had taken them, Jakubowicz returned to the 7-Eleven, where they saw Hook, Jr., holding up a cell phone and saying, "I got

2

your phone." Tr. p. 57. Putz got out of the truck, asked for his and Jakubowicz's phones back, and Hook, Jr., immediately approached Putz and punched him in the face. The two men began wrestling in the 7-Eleven parking lot, during which Hook, Sr., went to his truck, retrieved a baseball bat, and gave it to Hook, Jr. Hook, Jr., then repeatedly struck Putz with the bat. As the fight was ending, a nearby onlooker managed to flag down a passing police officer.

The State charged Hook, Jr., with Class C felony battery with a deadly weapon. After a jury trial on March 5-6, 2012, Hook, Jr., was convicted as charged. Hook, Jr., now appeals.

## Analysis

Hook, Jr., claims that the evidence is insufficient to support his conviction because Putz's trial testimony was incredibly dubious. In reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. Love v. State, 761 N.E.2d 806, 810 (Ind. 2002). We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

Within the narrow limits of the "incredible dubiosity" rule, we may impinge upon a jury's function to judge the credibility of a witness. Id. "If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed." Id. This is appropriate only where we are confronted with inherently improbable testimony or coerced, equivocal, wholly

3

uncorroborated testimony of incredible dubiosity.  Id.  "Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it."  Id.

According to Hook, Jr., Putz's trial testimony about having been beaten with a baseball bat is incredibly dubious because a photograph of Putz taken after the incident does not show "anything one would expect to see after being struck over and over by a metal baseball bat."  Appellant's Br. p. 5.  Hook also points out that Putz did not seek medical treatment, that Jakubowicz did not attempt to call the police during the incident, and that, because surveillance video shows that Putz never left the truck, it is highly improbable that Hook, Jr., took the cell phones from the truck.  Hook also asserts that the testimony of two bystanders is highly suspect.

Contrary to his assertions, however, the incredible dubiosity rule does not apply here because this is not a case in which a sole witness presented inherently improbable testimony and there is a complete lack of circumstantial evidence.  In fact, Putz testified unequivocally that Hook, Jr., struck him with a baseball bat.  In addition to Putz's testimony, Jakubowicz testified that Hook, Jr., hit Putz with a bat.  Another witness, who saw the incident from across the street, testified that he saw a man without a shirt hit someone with a bat.  This is consistent with the testimony of yet another witness who saw the fight from across the street and who identified Hook, Jr., as the person who hit the victim with a baseball bat.  In addition to this testimony, the State also introduced pictures of Putz indicating he had injuries to his forehead and arms.

4

Because the incredible dubiousity rule does not apply, we may not reweigh the evidence or judge witness credibility. The evidence is sufficient to support the conviction for Class C felony battery with a deadly weapon.

## Conclusion

There is sufficient evidence to support the conviction for Class C felony battery with a deadly weapon. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.